John H. Ciulla, Jr., Esq. Village Attorney, Stillwater
You have asked whether a full-time appointed village superintendent of public works may also hold the part-time elected office of town superintendent of highways.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The village superintendent of public works has responsibility for the care and maintenance of village highways and the town superintendent of highways has this responsibility with respect to town highways. In previous opinions of this office, we have found that the offices of town board member and member of a board of trustees of a village in the town are incompatible (1980 Op Atty Gen [Inf] 119, 158). Also, we concluded that the positions of town board member and highway superintendent of a village are incompatible (1985 Op Atty Gen [Inf] 99). We based these conclusions upon the provisions of sections 141 and 277 of the Highway Law. We found that under sections 141 and 277 a town board is authorized to exempt, in its discretion, all property within an incorporated village in the town from the levy of town taxes for certain highway items in the budget (these items include expenditures for certain highway machinery and for the removal of obstructions caused by snow and for other miscellaneous purposes; see § 141[3], [4]). Thus, at least once every year, in adopting the town's budget, the town board is faced with the decision whether to charge village taxpayers for certain components of the highway portion of the town budget. Because this decision is inevitable and involves the balancing of the interests of the two municipalities, we concluded that one person may not serve simultaneously in the aforementioned positions.
We believe that the basis for these opinions applies also to the positions under review. In preparing a proposed highway budget for approval by the town board, the town superintendent of highways will have divided loyalties. The budget he submits will effect the determination by the town board of whether to exempt property in the village from the aforementioned highway expenditures. As an officer of the village, he has an interest in keeping village tax rates reasonable out of concern for village residents. Also, should village residents be taxed for these components of the town highway budget, this could reduce funds available for the village's highway budget.
We conclude that the positions of village superintendent of public works and town superintendent of highways are incompatible.